UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY SULLIVAN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 24-cv-4004 |
| ) | |
| NATALIA BYGRAVE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se*, files a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was civilly detained pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, at the Rushville Treatment and Detention Facility ("Rushville"). (Doc. 1).

Plaintiff seeks leave to proceed *in forma pauperis*. (Doc. 5). The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court will grant leave to proceed *in forma pauperis* only if Plaintiff's Complaint states a federal claim.

The case is before the Court for a merit review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided

to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## ALLEGATIONS

Plaintiff files suit against Natalia Bygrave, Ms. Hawk, Mr. Baldwin, and Jane Doe.

Plaintiff alleges he is required to participate in group treatment programs to be considered for conditional release. Currently, Plaintiff is assigned to the Power to Change Group and is working toward re-entering the Disclosure Group.

While participating in the Power to Change Group on December 7, 2023, Defendants Hawk and Baldwin, who were clinical interns, allegedly questioned Plaintiff about how he would deal with problems in the future. Plaintiff alleges Defendant Hawk was referring to Plaintiff continually having to re-read completed group work for years. In response, Plaintiff told Defendant Hawk that he would file a lawsuit against the Red Team. Plaintiff alleges Defendant Hawk attempted to convince him not to pursue the lawsuit. When Plaintiff did not agree, Defendant Hawk allegedly threatened to remove him from the group and told him to stop talking to her.

On December 14, 2023, Plaintiff alleges that Defendant Bygrave, a clinical therapist, removed Plaintiff from the Power to Change Group for a week because he named her in another lawsuit.

Plaintiff filed a grievance requesting to be removed from the Red Team. Plaintiff states he named the entire Red Team as defendants in another lawsuit.

On January 4, 2023, Plaintiff participated in the Power to Change Group, which was facilitated by Defendants Hawk and Baldwin. Plaintiff alleges he was taking notes when Defendants removed him from the group. Plaintiff's Complaint states this occurred on January 4, 2023; however, it is unclear if Plaintiff meant January 4, 2024. (Doc. 1 at ¶ 19). For purposes of this Merit Review Order, the date is immaterial.

Plaintiff alleges that Defendants Bygrave's, Hawk's, and Baldwin's actions were meant to discourage him from filing lawsuits against them.

## ANALYSIS

Prisoners have a protected First Amendment right to file lawsuits and grievances. *Dobbey v. Illinois Dep't of Corr.*, 574 F.3d 443, 446 (7th Cir. 2009). A prisoner may not be disciplined for filing a lawsuit or grievance, as "[a]n act taken in retaliation for the exercise of a constitutionally protected right violates the Constitution." *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). To establish First Amendment retaliation, Plaintiff must successfully allege that (1) his speech was constitutionally protected, (2) he suffered a deprivation likely to deter free speech, and (3) his speech was at least a motivating factor in the [defendant's] action. *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006).

Based on his allegations, the Court finds that Plaintiff has stated a First Amendment retaliation claim against (1) Defendant Hawk for allegedly threatening to remove him from the Power to Change Group on December 7, 2023; (2) Defendant Bygrave for removing him from the Power to Change Group on December 14, 2023; and (3) Defendants Hawk and Baldwin for removing him from the Power to Change Group on January 4, 2023 (or January 4, 2024).

Plaintiff named Jane Doe, an employee at Rushville, as a Defendant, but he did not include any allegations regarding this Defendant in the body of his Complaint. Therefore, Defendant Jane Doe is dismissed without prejudice.

**IT IS THEREFORE ORDERED:**

1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states a First Amendment retaliation claim against Defendants Bygrave, Hawk, and Baldwin. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2. Plaintiff's Motion for Leave to Proceed in forma pauperis [5] is GRANTED.

3. Defendant Jane Doe is DISMISSED WITHOUT PREJUDICE. The Clerk is directed to TERMINATE Defendant Jane Doe.

4. This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

5. The Court will attempt service on Defendants by mailing a waiver of service. If Defendants fail to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendants and will require Defendants to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

6. Defendants have 60 days from service to file an answer. If Defendants have not filed answers or appeared through counsel within 90 days of the entry of this Order, Plaintiff may

file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

7. If Defendants no longer work at the address Plaintiff provided, the entity for whom Defendants worked while at that address shall submit to the Clerk Defendants' current work address, or, if not known, Defendants' forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

8. Defendants shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' position. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the answer is necessary or will be considered.

9. This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendants' counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

10. Counsel for Defendants are hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

11. Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

12. Plaintiff shall be provided a copy of all pertinent medical records upon request.

13. Within 10 days of receiving from defense counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to defense counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

14. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

ENTERED: 3/20/2024

s/ Michael M. Mihm  
Michael M. Mihm  
United States District Judge